# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CASSANDER WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| SJP INVESTMENT PARTNERS, LLC, | ) |
| d/b/a HOTEL INDIGO, | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from religious discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq*. The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Cassander White ("Plaintiff") timely filed a discrimination charge against defendant SJP Investment Partners, LLC ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant is a Georgia limited liability company.  At all times relevant to this case, Defendant operated a business in Jefferson County, Alabama.

## III.  STATEMENT OF FACTS

5.  Defendant owns and operates the Hotel Indigo in Birmingham, Alabama ("the hotel") and did so during the events of this case.

6.  In or about February of 2020, Plaintiff interviewed with Defendant for the position of night auditor/ front desk associate at the hotel.

7.  Plaintiff was interviewed by Felicia Strong and Bre Taylor.

8.  Strong was the front desk manager there.

9.  Taylor said that she was the "Crisis Manager" for the hotel and other hotels owned by Defendant.

10.  In the interview, Strong and Taylor said that the hotel used the software program Opera.

11.  Plaintiff, who had worked in the hotel industry for twenty years, said that she was experienced in other hotel management software programs but not Opera.

12.  On or about February 26, 2020, Defendant hired Plaintiff for the position.

13. The first three shifts Plaintiff worked, she trained by herself on Opera through an online program from Opera.

14. After taking the training, Plaintiff took a test through the program and received confirmation from Opera that she had passed the training.

15. On or about March 5, 2020, Plaintiff "shadowed" Strong during her shift.

16. During the shift, Strong never asked Plaintiff any questions to test her knowledge about Opera or any other aspects of the job, and she never had Plaintiff perform any tasks herself.

17. Plaintiff and Strong were talking that shift and the subject of religion came up.

18. Plaintiff is Christian.

19. Plaintiff quoted some Christian scriptures to Strong.

20. Strong said that they were not supposed to talk about religion at work.

21. The next day, Strong told Plaintiff that she was terminated.

22. Strong said the reason was that Plaintiff needed further training, that she did not have time to train Plaintiff but would have to pay someone to train her, and that she and Taylor had decided to hire someone experienced in Opera.

23. The asserted reason was false and pretextual.

24. As stated, Plaintiff had twenty years' experience in working in the hotel industry and had passed the Oracle training.

25. Further, Strong never tested Plaintiff on her knowledge of Oracle or had her perform any duties during the one shift she worked with Plaintiff.

26. Consequently, Strong had no basis on which to claim that Plaintiff required further training in her duties or in Oracle.

27. Further, shortly before the subject of religion came up on the day before, Strong had told Plaintiff she had changed the schedule to give Plaintiff more work hours than she had originally been scheduled for.

28. The hotel was short-staffed in housekeeping at the time.

29. Consequently, Plaintiff asked Strong if she could work in housekeeping.

30. Strong said that she would talk to Taylor about it and call Plaintiff that next Monday.

31. Strong did not call that Monday, so Plaintiff called her the next day, March 10, 2020.

32. Plaintiff asked Strong about the housekeeping job, and Strong said that they did not have anything available.

33. This was false.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### TITLE VII

34. Paragraphs 1-33 above are incorporated by reference.

35. Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her religion.

36. Plaintiff's religion was a motivating factor in Defendant's decision to terminate her.

37. Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

38. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the

absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff